**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TINGTING YAN, | No. 11-73874 |
| Petitioner, | Agency No. A088-128-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Tingting Yan, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that, even if credible, Yan's single instance of detention and beating, which resulted in non-serious injuries, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Substantial evidence also supports the finding that Yan failed to establish a well-founded fear of future persecution based on an individualized risk because Yan has not established that the police has any current interest in her. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (stating that a petitioner must provide "credible, direct, and specific evidence"). We lack jurisdiction to address Yan's unexhausted contention that there is a pattern or practice of persecution of Christians in China. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, Yan's asylum claim fails.

Because Yan failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 543 F.3d 1182, 1190 (9th Cir. 2006).

11-73820

Finally, we lack jurisdiction over Yan's CAT claim because she did not exhaust it with the BIA before filing her petition for review. *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**